JACOB N. COHEN *vs.* HOWARD K. SIMMONS.

OCTOBER 25, 1952.

ORDER

This complaint was brought by Jacob N. Cohen of the city of Providence against Howard K. Simmons, attorney at law, charging the latter with specific acts of unprofessional conduct in matters arising out of the relationship of attorney and client.

The complaint was sworn to, and was filed with the investigating committee, which appointed one of its members to assist the complainant in prosecuting the charges before the committee on complaints.  That committee assigned the matter to August 1, 1952 for hearing and due notice thereof was sent to and was received by the respondent. He did not appear on that date but sent a telegram explain-

ing in general that he regretted his inability to attend and requested only an "opportunity to make full disclosures of my doings in this matter at any time that can be fixed after August 26th."

Accordingly the hearing was begun and certain testimony and exhibits were introduced in evidence by the complainant and his son. Thereupon the hearing was continued to September 5 in accordance with respondent's telegraphic request to permit him to appear and present any disclosures or defense that he might desire to make to the charges. Although due notice of the date for the continued hearing was acknowledged by the respondent, he did not appear personally but caused a letter to be delivered to the committee through its chairman, which letter was introduced in evidence. The committee interpreted such letter as in effect admitting or at least not denying complainant's charges and the evidence relating to respondent's professional misconduct.

After considering the evidence, including such letter, the committee found in substance that the respondent had entered into an engagement to act as attorney for the complainant in prosecuting a certain claim; that without the knowledge or authority of complainant or his wife the respondent settled the claim and caused their names to be signed to a release; that pursuant to such release a draft payable to complainant, his wife and the respondent was received by respondent in satisfaction of such claim; that the draft was cashed by respondent without the knowledge or authority of the complainant or his wife; and that respondent collected the proceeds of said draft but wrongfully failed to turn over to complainant or his wife any part thereof. Thereupon the committee on September 30, 1952 filed its report and recommended therein that the respondent be disciplined in such manner as the court deemed fit.

We have reviewed the transcript and exhibits in the light of the charges of extensive professional misconduct and in

our opinion the findings of the committee are supported by uncontradicted evidence. Accordingly notice was given to the respondent to appear before this court in chambers on October 21, 1952, if he desired, to show cause why disciplinary action should not be taken against him in accordance with the committee's report and recommendation.

The respondent did not choose to appear personally on that date and has not otherwise shown any good cause why the report of the committee on complaints should not be approved. In the circumstances, in view of the seriousness of the charges and the findings of the committee based on uncontradicted evidence, the court has no alternative but to approve the report and adopt the recommendation of the committee.

It is therefore ordered that the respondent Howard K. Simmons be and he is hereby disbarred from the practice of law in the courts of this state.

Entered as the order of this court this twenty-fifth day of October, A. D. 1952.

By order:<br>
(signed) John H. Greene, Jr.<br>
Clerk

*Nelson J. Conlong,* for complainant.
No appearance for respondent.