EASTON'S POINT
ASSOCIATION et al.

v.

COASTAL RESOURCES MANAGE-
MENT COUNCIL et al.

Nos. 86–201–M.P. & 86–208–M.P.

Supreme Court of Rhode Island.

March 10, 1987.

Stephen Erickson, Middletown, Robert D. Kilmarx, Davis Jenckes Kilmarx & Swan, Inc., Providence, Peter Palombo, Jr., Palombo & Piccirill, Cranston, Gerard M. De-Celles, Abedon Michaelson Stanzler & Biener, Providence, for plaintiffs.

Alan J. Goldman, Goldman & Biafore, Lauren E. Jones, Jones & Aisenberg, Mark S. Mandell, Jay S. Goodman, Mandell Goodman Famiglietti & Schwartz, Ltd., Daniel J. Murray, Joseph DeAngelis, Robert Fine, Licht & Semonoff, Alfred H. Joslin, Jeffrey Schreck, Edwards & Angell, Providence, for defendants.

Arlene Violet, Atty. Gen., David D. Prior, Sp. Asst. Atty. Gen., for amicus curiae.

OPINION

FAY, Chief Justice.

This case is before the court on the consolidated statutory petitions for certiorari

brought by the Coastal Resources Management Council (CRMC or the council), Atlantic East Associates, and Elias Lahoud (the latter two parties, the applicants). The council and the applicants seek a review of the judgment of a Superior Court justice reversing the council's earlier decision granting the applicants a permit to construct a large hotel with a parking area and swimming pool in Middletown, Rhode Island.

The facts pertinent to the issue before this court are as follows. The applicants filed their request with CRMC on May 27, 1983. A duly appointed subcommittee of the council held several public hearings on the application at which Easton's Point Association appeared as objectors. These hearings concluded with the subcommittee rendering two opposing recommendations to the council; subcommittee chairman William Miner recommended denial of the application and member Paul Hicks recommended approval subject to modifications in the construction plans.[1] The entire council then made findings of fact and conclusions of law and granted approval of the application subject to modifications contained in an engineer's report and a biologist's report.

The objectors then appealed the CRMC decision to Superior Court pursuant to G.L. 1956 (1984 Reenactment) § 42–35–15, as amended by P.L.1984, ch. 183, § 2 of the Administrative Procedures Act. Before reaching the merits of the case, the Superior Court justice, by a letter dated September 4, 1985, extended to all parties[2] an opportunity to file supplemental briefs addressing the following questions:

"1. Whether R.I.G.L. 1956 (1980 Reenactment) § 46–23–2 of the Act creating the Coastal Resources Management Council is unconstitutional as being violative of the separation of powers doctrine to the extent that it provides that some members of the Council must be members of the Rhode Island General Assembly.

"2. Whether § 46–23–2 of the Act is an unconstitutional violation of the separation of powers doctrine in that certain members of the Council can only be appointed by certain officers of the General Assembly."

The trial justice indicated that he did this because of objectors' argument that the council's grant of the construction permit should be reversed because Representative Edward Smith and Senator Leo Gannon were disqualified from participating in the vote of the council.

The parties having submitted supplemental briefs, the justice then rendered his decision. First he determined that the council was an administrative body within the executive branch of state government. Next he held that the Constitution of this state vests the Governor with the exclusive and inherent power to appoint all positions within the executive branch, that the Legislature possesses no power to appoint its own members or anyone else to executive-branch agencies, and that the Legislature may not in any way interfere with the Governor's selection of executive-branch personnel. Consequently, the justice concluded that those parts of G.L.1956 (1980 Reenactment) § 46–23–2, which authorized appointments to the council by someone other than the Governor or which limited his power of appointment (for example, by restricting his/her choices to specified local government officials or requiring the advice and consent of the Senate) were an unconstitutional usurpation of the Governor's executive power.

Applying this constitutional framework to the appeal before him, the justice ruled that the eight members appointed through the auspices of the General Assembly were serving illegally and he declared their appointments void. He thereupon held that the council's eight-to-six vote of approval for the applicants' project was invalid since

1. A third member of the subcommittee, John Rao, absented himself during the course of the hearings and was removed from the subcommittee.

2. The justice also invited and granted requests of the Governor and the Speaker of the House of Representatives to file briefs amici curiae.

six of the eight votes for approval were cast by appointees of the Legislature. Since § 46–23–4 requires a quorum of nine members to conduct council business and a nine-member quorum was not present for the vote, the justice reversed the decision of CRMC and remanded it back to the council.

The council and the applicants separately petitioned this court pursuant to § 42–35–16, as amended by P.L.1984, ch. 167, § 4 for issuance of a writ of certiorari to review the trial justice's decision. We issued the writs and granted and consolidated the petitions.

Before this court, CRMC and the applicants argue that the council is not an executive agency but rather an administrative arm of the Legislature performing quasi-judicial and quasi-legislative functions. In addition, they argue that the appointment power has historically been a power reserved to the General Assembly under article IV, § 10 of the R.I. Constitution; therefore, the method of appointment employed here is not unconstitutional and the General Assembly did not usurp any inherent right of the Governor. Finally, they argue that the court below imposed its own views of what constitutes good government in reaching its decision and thus acted in a manner contrary to the principles of proper constitutional analysis.

The objectors contend that the separation-of-powers doctrine is violated by placing the appointment of eight of the seventeen CRMC members in the hands of the legislative leadership or members of the Legislature and that limitations on the power of the Governor to appoint the remaining nine members clearly interferes with the executive authority's inherent power to select its own personnel.[3]

A threshold question involves the power of the Superior Court to raise sua sponte the issue of the constitutionality of the composition of the CRMC within the framework of an application for a construction permit.

It is a well-settled principle of administrative law that one who seeks or has acquired rights before an administrative agency may not, in the same proceeding, attack the validity of the statute that has created the agency. *See, e.g., Frost v. Corporation Commission of Oklahoma,* 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483 (1929); *Hurley v. Commission of Fisheries of Virginia,* 257 U.S. 223, 42 S.Ct. 83, 66 L.Ed. 206 (1921); *General Telephone Co. v. Public Service Commission,* 238 Ind. 646, 150 N.E.2d 891 (1958); *Samuels v. Couzens,* 215 Mich. 328, 183 N.W. 925 (1921); *Hart v. Folsom,* 70 N.H. 213, 47 A. 603 (1900); *Spindel v. Jamison,* 199 Va. 954, 103 S.E.2d 205 (1958); *Gagnon v. Department of Agriculture & Markets,* 232 Wis. 259, 286 N.W. 549 (1939); *State ex. rel. Kellogg v. Currens,* 111 Wis. 431, 87 N.W. 561 (1901). We have applied this principle in zoning matters. *See Russell v. Zoning Board of Tiverton,* 100 R.I. 728, 731, 219 A.2d 475, 476–77 (1966); *Sweck v. Zoning Board of North Kingstown,* 77 R.I. 8, 11, 72 A.2d 679, 680 (1950).

For purposes of this principle it has also been held that the term "within the same proceeding" includes judicial review of the administrative action out of which the controversy arises. *State ex. rel. Synod of Ohio v. Joseph,* 139 Ohio St. 229, 39 N.E.2d 515 (1942).

Applying the foregoing principle to the case at bar, we encounter a situation in which the applicants would have been unable to seek the aid of the administrative agency to obtain a permit and at the same time attack the validity of the statute that created the agency. By the same token, the objectors who opposed the issuance of the construction permit also relied upon the statute, because otherwise there would have been no inhibition to preclude the applicants from construction in the event that they complied with municipal requirements. Consequently, all parties to the litigation sought to obtain either the posi-

---

**3.** Briefs amici curiae were filed in this court on behalf of the Governor, the Speaker of the House, the Attorney General, Elmer E. Cornwell, Jr., of the Political Science Department of Brown University, and Francis J. Leazes, Jr., of the Political Science Department of Rhode Island College.

tive or the negative benefits of the statute from the council. Therefore, none of them would have been privileged to challenge the constitutionality of the statute that conferred the necessary powers upon the council.

■ We are therefore faced with the anomalous situation in which a justice of the Superior Court, who is acting under the provisions of the Administrative Procedures Act in a proceeding that in effect is a continuance of the administrative hearing, proceeds sua sponte to erect a challenge based on constitutional grounds to the agency upon which all parties to the litigation relied for relief.

We are of the opinion that the trial justice had no standing sua sponte to attack the constitutionality of the statute which was precluded from challenge by any of the parties to the administrative proceeding.

The principle that protects an administrative agency from constitutional challenges during the course of a licensing or permit proceeding is based upon the necessity to establish and maintain orderly procedures required for the effective implementation of administrative determinations. Although the Legislature has provided for review of administrative determinations pursuant to § 42–35–15, that review is circumscribed and limited to determinations of questions that the agency itself might properly entertain and consider.

Section 42–35–15 provides in pertinent part:

"Judicial review of contested cases.—
\* \* \* \* \* \*

(f) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.

(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, interferences [sic], conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error or law;

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

The statutory reference to errors of law or violation of constitutional provisions does not extend the purview of the Superior Court to include consideration of challenges to the constitutionality of the statute upon which the administrative agency is based, but only determinations by the agency that might in themselves violate statutory or constitutional principles.

This court, in reviewing the determination of the Superior Court in accordance with § 42–35–16, is similarly engaged in a continuance of administrative proceedings and is not privileged to consider matters that neither the agency nor the Superior Court might properly have entertained. *See Milardo v. Coastal Resources Management Council*, 434 A.2d 266, 270 (R.I. 1981). As a consequence, we consider the constitutional issues purportedly determined by the trial justice to have been improperly raised in the proceeding before him and therefore are not appropriately before us for review. We shall defer consideration of these constitutional issues until they are presented to us in an appropriate judicial framework.

It is thus apparent that the trial justice erred in failing to deal with the question of the issuance of a permit to the applicants on its merits without reference to constitutional questions that could not properly be raised upon administrative review.

For the reasons stated, the petition for certiorari is granted, the judgment of the Superior Court is vacated, and the papers in the case shall be remanded to the Superior Court with our decision endorsed thereon and with directions to consider the merits of the appeal from the decision of the Coastal Resources Management Council.