[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on appeal from a decision of the Rhode Island Motor Vehicle Dealers' License Commission (hereinafter the "Commission") pursuant to R.I. Gen. Laws 1956 (1988 Reenactment) § 42-35-15. The plaintiff, AAA South Central New England d/b/a AAA Car Buying Services (hereinafter "AAA"), seeks reversal of the Commission's decision denying AAA a dealer's license and requests an order from this court directing the Commission to issue said license.
On July 20, 1990, AAA made application to the Commission for a dealer's license. AAA sought both to sell between five (5) and twenty (20) used vehicles from its fleet on an annual basis and to receive brokerage fees in conjunction with its consumer car buying program. At the public hearing on August 7, 1990, the Commission determined that AAA was not entitled to a dealer's license for "new and used vehicles" as requested in their application because AAA did not have, nor did it intend to obtain, the requisite manufacturer franchise agreement for the sale of new vehicles. (Commission's Order p. 7). Following this ruling at the August 7 hearing, the Commission accepted and ruled upon AAA's amended application for the sale of "used" vehicles which would have also permitted brokering new vehicles. (Commission's Order p. 6). The Commission denied the amended application as well, stating that issuance of the license would not be in the interest of the public.
This court's appellate jurisdiction to review state administrative agency decisions is limited by § 42-35-15(g) which provides:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The applicable standard of review was articulated in Costa v.Registry of Motor Vehicles, 543 A.2d 1307 (R.I. 1988). The reviewing court must not substitute its judgment for that of the agency in regard to credibility of witnesses or weight of the evidence concerning questions of fact. The court is obligated to uphold findings of fact if they are supported by substantial evidence in the record. It follows that conclusions of law must likewise be supported by the record in an administrative decision. However, the court may vacate the administrative decision if it is clearly erroneous in view of the reliable, probative, and substantial evidence contained in the whole record. Id. at 1309.
AAA argues that the Commission's decision regarding the amended application is unsupported by substantial evidence in the record, thereby constituting an abuse of discretion. As the decision rests on the conclusion that issuance of a dealer's license would not be in the interest of the public, the primary inquiry is whether or not this conclusion is supported by substantial evidence in the record. AAA also argues that a conflict of interest existed, resulting in AAA's denial of a dealer's license. AAA further argues that as a result of procedural defects, it was denied proper notice and a fair opportunity to be heard.
This court's review of the whole record reveals that the Commission's decision to deny AAA a dealer's license is not supported by substantial evidence in the record. Because of the above finding, it is unnecessary for the court to rule on any alleged conflict of interest or the alleged procedural defects regarding AAA's notice and hearing. An analysis follows.
The Commission's denial of a dealer's license to AAA emanates from its conclusion that AAA "is not qualified to deal in used or new motor vehicles because it is not in the interest of the general public." (Commission's Order p. 8). For support, the Commission refers to "testimony and exhibits" presented at the hearing which "demonstrate that AAA is implying to its consumer members that they may get a better deal by taking advantage of [AAA's] program." (Commission's Order p. 8). This court fails to find the "testimony and exhibits" in the record before it demonstrating any implication by AAA to its members that they may get a "better deal" through AAA. (Record p. 20 24). AAA's explanation in rebuttal is that its purpose is to get involved in car buying at the request of its membership which is generally "much older" and "female" (Record p. 21) and unsophisticated in buying automobiles. As further support for denial of the license for public interest reasons, one commissioner stated that AAA's program may deny the consumer an opportunity for a lower finance rate through a General Motors dealer because General Motors refuses to finance sales negotiated through brokers. (Record p. 37). Another commissioner stated that because he did not believe AAA could give the consumer a "better price" than the consumer could get himself in any dealership, it is not in the public's interest to license AAA. (Record p. 45). Reference was also made to the distance of the "participating dealer" from the consumer. (Record p. 56). The Commission implies in its brief that because the distance may be significant, the program is not in the interest of the public (Commission's Brief p. 3). Additionally, the Commission denied the license because it believed that the Commission is responsible "to protect the rights of the dealers . . . and that [AAA's] program would also have a detrimental effect on their businesses." (Commission's Order p. 8).
It is the belief of this court that when the legislature authorized the Commission to issue dealers' licenses consistent with the public interest, its primary intent was to protect the public from irresponsible and unscrupulous automobile dealers. Additionally, the legislature intended to prevent unfair practices and competition. R.I. Gen. Laws § 31-5-2. (Similarly, the Louisiana Supreme Court found that the public policy underlying its statutory scheme was partly concerned with a dealer's economic failure due to "unfair practices and competition" and the intent to preserve and encourage "healthy competition" among dealers. Benson v. Gold Chevrolet, Inc. v.Louisiana Motor Vehicle Commission, 403 So.2d 13, 18 (La. 1981). See also Merrill v. Department of Motor Vehicles, 458 P.2d 33
(Cal. 1969).) Accordingly, the legislature authorized the Commission to license applicants consistent with these above objectives. In the case at bar, the reasons proffered by the Commission for denying the license are tenuous at best and do not fall within the ambit of "public interest" as contemplated by the legislature. For that reason, the record is devoid of support for the Commission's denying AAA a dealer's license for public interest reasons and therefore does not present the requisite "substantial evidence" to maintain the Commission's decision. As such, the decision is clearly erroneous and faulted by the Commission's abuse of discretion. The Commission is also mistaken in its belief that it is responsible to protect dealers' rights and dealers' businesses from healthy competition. This assumption constitutes error of law. The denial of a license based on public interest is not justified simply because "issuance of such license could have a harmful financial effect upon an already established dealership." 403 So.2d 13, 23.
Absent support for the conclusion that issuance of a dealer's license to AAA would not be in the public's interest, AAA is entitled to a dealer's license "when all of the general standards established by law have been met." 403 So.2d at 23. R.I. Gen. Laws § 31-5-5 provides that any person, firm or corporation who sells or acts as a broker with respect to the sale of more than four (4) unregistered vehicles in any one year is required to obtain a dealer's license. AAA intends to sell between five (5) and twenty (20) used vehicles from its fleet annually. It also seeks to receive brokerage fees in connection with its brokering of new vehicles through participating dealers. Both types of transactions require a dealer's license. The purpose of the Commission with regard to the issuance of licenses is clear as it is set out in § 31-5-2. It includes having supervision over such licenses and issuing "rules and regulations . . . to protect public interest." The guidelines for determining "public interest" when an application for a dealer's license is made are provided in § 31-5-6. This section authorizes the Commission to require from an applicant certain information "consistent with the safeguarding of public interest" including that relating to the applicant's financial standing and business integrity. Pursuant to this statutory authority, the Commission promulgated rules and regulations "to protect the interests of the public when dealing with motor vehicle dealers in Rhode Island." (1987 Rules and Regulations for Motor Vehicle Dealers/Auctions p. 5). More specifically, the requirements for dealers have been detailed in the rules and regulations at pages six (6) through twelve (12). An applicant must provide proof of several things before found qualified to be a dealer, including proof of a 2400 square foot building, an adequate display area, a bond and a sign. The record reveals that AAA satisfied all requirements for a dealer's license except the sign and bond requirements upon which, the Commission stated, approval would be conditioned. (Record p. 78). This court therefore finds that AAA has satisfied all requirements necessary and a conditional approval of the dealer's license must issue as there is not substantial evidence in the record to support the conclusion that issuance of a dealer's license to AAA would not be in the interest of the consuming public. Accordingly, the decision denying AAA's license is reversed and the matter is remanded to the Commission with direction to grant AAA's application for a dealer's license to deal in "used" vehicles.
AAA also argues that a conflict of interest exists for a majority of the Commission members and therefore AAA was precluded from receiving a fair hearing on its application. The Commission is made up of eleven members, seven of whom are automobile dealers, pursuant to § 31-5-2.[1] The alleged conflict of interest is that six of the seven automobile dealers on the Commission were also members of the Rhode Island Automobile Dealers' Association (hereinafter "RIADA"), the trade union that testified in opposition to AAA's application at the hearing. AAA also makes an unsubstantiated claim that ex parte communications took place between the Commission and RIADA prior to AAA's hearing. Further, AAA argues that procedural defects resulted in improper notice and lack of a fair opportunity to be heard. Review of the whole record provides this court with adequate evidence on which to base a decision. A primary function of this court is to address directly the merits of the parties' disagreement. Having accomplished that, the court need not address the merits of these additional issues.
For the foregoing reasons, the decision of the Commission is reversed and the matter is remanded to the Commission for issuance of a dealer's license consistent with this decision.
[1] AAA is not challenging the composition of the Commission and therefore the constitutionality of § 31-5-2. It has been held that a trial justice may not sua sponte attack the constitutionality of a statute when neither party to the action has made the challenge. Devane v. Devane, 581 A.2d 264 (R.I. 1990). Even if the challenge had been made, it is well-established that "one who seeks or has acquired rights before an administrative agency may not, in the same proceeding, attack the validity of the statute that has created the agency."Easton's Point Association v. Coastal Resources ManagementCouncil, 522 A.2d 199, 201 (R.I. 1987). "[I]n the same proceeding" includes this court's judicial review of the agency's decision. Id.