DECISION
This is an appeal from a decision of the Zoning Board of Review for the town of Warren, sitting in its capacity as the Building Code Board of Appeals pursuant to G.L. 1956 (1995 Reenactment) § 23-27.3-127.1. The plaintiffs here seek reversal of the Board's decision dated August 30, 1995. In its decision, the Board upheld the action of the town's Building Inspector (who is also the Zoning Officer; see Article II, § 32-5 of the Warren Zoning Ordinance) for issuing a permit to Robert S. Raspallo, an owner of the land abutting the plaintiff's property. Jurisdiction in this Court is under color of G.L. 1956 (1991 Reenactment) § 45-24-69.
Facts/Travel
The facts relevant to the instant matter are not in dispute. Robert S. Raspallo owns a piece of property, specifically referred to as Assessor's Plat 16, Lots 150 and 151 at 5 Bayview Avenue in Warren, Rhode Island. William and Noreen Erklauer (the plaintiffs) own the real estate at 41 Brownell Street in Warren, Rhode Island, and their property abuts the Raspallo property.
On March 8, 1994, Mr. Raspallo filed a building permit application to "replace existing garage with new garage, with partial cellar to enclose existing wall. Gambrel roof on new garage." (Record at 12, Exhibit 1). Following approval, Raspallo began construction of the garage in violation of the terms of the permit including a height in excess of the approved 15 feet and violation of the gambrel style roof. On August 12, 1994, then Building Inspector John M. Jannitto cited violations of the permit. As a result, on September 20, 1994, the town of Warren revoked the permit effective upon receipt of the notice sent by certified mail to Mr. Raspallo.
On February 2, 1995 Mr. Raspallo filed an application for another building permit. (Record at 28.) In a letter dated February 23, 1995, Mr. Raspallo was informed by the town of Warren that his application was being rejected because it was in violation of Rhode Island State Code F27-3101.3, entitled Zoning Restrictions. (Record at 30.)
On March 14, 1995 Mr. Raspallo filed a third application for a building permit for his partially constructed garage. In that application Mr. Raspallo described the structure as two stories with a height of 15 feet and total floor area square feet of 1,800. The plaintiffs appealed the issuance of this third permit to the Zoning Board of Review sitting in its capacity as the Building Code Board of Appeals. See Application 95-10 and attached Exhibit A dated March 27, 1995. The matter was heard by the Building Code Board of Appeals on June 21, 1995, after proper notice and advertisement. The matter was then continued for further hearing and decision to July 19, 1995.
On August 30, 1995 the Zoning Board of Review, in its capacity as the Building Code Board of Appeals, denied the plaintiffs' appeal of the building permit and voted to uphold strictly the terms of the already issued building permit. After the decision was rendered, the plaintiffs did not petition the State Board of Standards and Appeals to examine the action of the Warren Zoning Board of Review, in its capacity as the Building Code Board of Appeals. Instead, on September 12, 1995, pursuant to R.I.G.L. § 45-24-69, the plaintiffs filed this action in this Court, seeking to reverse the decision of the Board. Jurisdiction is presently at issue.
The Erklauers argue that this Court should sustain their appeal because the Board is charged with enforcing the terms of the zoning ordinance, and by upholding the issuance of the building permit the Board failed to carry out its responsibility. However, the record reveals that the Zoning Board of Review, which heard the matter, was not sitting as the Zoning Board, but rather as the Building Code Board of Appeals. See Decision dated August 30, 1995.
Subject matter jurisdiction in this Court may be found to be lacking due to statutory restrictions. Wellington HotelAssociates v. Miner, 543 A.2d 656, 660 (R.I. 1988). With respect to administrative appeals, this Court has jurisdiction to hear a decision of the zoning board of review pursuant to R.I.G.L. §45-24-69. However, this Court notes that the Warren Town Code, specifically the Buildings and Building Regulations Section, states that "the town building code is the state building code adopted pursuant to G.L. 1956, § 23-27.3-1 et seq." ArticleII, § 4-26 of Chapter 4 of the Code of Warren, June 13, 1995. In addition, § 32-5 of the Warren Zoning Ordinance states that the Zoning Officer shall also serve as the Building Inspector. Article II, § 32-5 The Warren Zoning Ordinance.
The plaintiffs appealed the actions of the building inspector as they related to the issuance of a building permit. The plaintiffs' actual appeal and the attached exhibits appear on stationary with the letterhead of the Board of Appeals. See Board of Appeals Application and Attached Exhibit A dated March 27, 1995. The Building Code Board of Appeals does not address zoning issues; it addresses the actions of the building inspector pursuant to G.L. 1956 (1995 Reenactment) § 23-27.3-127.1
(b)(1) and (2). Decisions of the local Building Code Board of Appeals may be appealed "to the State Board of Standards and Appeals within twenty (20) days after the filing of the local decision with the building official and owner." G.L. 1956 (1995 Reenactment) § 27.3-127.2.5 (f). Additionally, "any determination made by the local board shall be subject to review de novo by the state board of standards and appeals." Id. Thus the plain language of § 23-27.3-127.2.5 (f) sets up a statutory scheme whereby decisions of local boards are appealed only to the State Board of Standards and Appeals. Any appeals taken thereafter are to this Court, pursuant to R.I.G.L. §42-35-15.
Also at issue is whether the plaintiffs complied with the procedural requirements for administrative appeal adopted by the town of Warren and the legislature. When the legislature provides a right of judicial review from a decision of an administrative agency, the aggrieved party must exhaust all remedies within such agency before judicial review may be invoked. Jacob v. Burke, 110 R.I. at 666-67, 296 A.2d at 459 (1972). If the aggrieved party does not exhaust all administrative remedies, the Court hearing the appeal may dismiss the action for lack of subject matter jurisdiction. Id. at 673, 296 A.2d at 463. This policy concerning the exhaustion requirement is that courts should be reluctant to circumvent appeals procedures set up by the legislature. Id.
Courts may deviate from statutory procedures only where "an inadequate remedy would result from requiring a party to exhaust all available administrative remedies." Rhode Island Chamber ofCommerce v. Hackett, 122 R.I. at 688, 411 A.2d at 302. The burden of demonstrating that an inadequate remedy would result is on the aggrieved party. Wellington Hotel Associates v. Miner, 543 A.2d at 661.
The travel of this case clearly illustrates that the plaintiffs have neither exhausted their administrative remedies nor met their burden of showing that exhaustion of remedies would result in an inadequate remedy. The plaintiffs' avenue for review was an appeal to the State Board of Standards and Appeals, which could have reviewed the actions of the Warren Building Inspector de novo. See R.I.G.L. 1956 (1995 Reenactment) 23-27.3-127.2.5
(f). However, rather than petitioning the State Board of Standards and Appeals for de novo consideration of their claims, the plaintiffs sought review by this Court. As the plaintiffs did not exhaust the administrative remedies as required by § § 42-35-15, this matter is not properly before this Court.
Accordingly, this Court finds that it lacks subject matter jurisdiction to review the present appeal.
Counsel shall prepare an appropriate judgment for entry.