Gertrude DEVANE et al.

v.

Lillian DEVANE et al.

Daniel TANOUS et al.

v.

NEW ENGLAND CONTAINER
CO., INC., et al.

Nos. 90–96–M.P., 90–72–M.P.

Supreme Court of Rhode Island.

Oct. 26, 1990.

Thomas R. Bender, Providence, for Gertrude Devane.

Neil P. Philbin, Cranston, for Daniel Tanous.

Humbert J. Polito, Jr., Dale P. Faulkner, New London, Conn., for Lillian Devane.

Keith B. Kyle, C. Russell Bengtson, Providence, for New England Container, Inc.

OPINION

PER CURIAM.

Each of the above-entitled Superior Court civil actions involves claims for damages arising out of two separate automotive mishaps. Lillian Devane and her husband, Edward, moved to accelerate their case on the Kent County continuous jury trial calendar pursuant to G.L.1956 (1985 Reenactment) § 9–2–18, as amended by P.L.1987, ch. 80, § 1, which provides for the acceleration of any civil action on a court calendar wherein the plaintiff or the defendant has attained the age of sixty-five. Later, Daniel Tanous and his wife, Lavinia, and Guy Santagate and his wife, Marion, made a similar request in the litigation involving the New England Container Co., Inc., and Richard Higgins. Both motions were denied, and as a result, we agreed to review the actions taken in the Superior Court by way of certiorari.

The trial justice who initially refused to obey the dictates of § 9–2–18 expressed the belief that the statute afforded a priority to a certain group of litigants just because they had attained the age of sixty-five. Affording such access to the court was, in the trial justice's view, unconstitutional. It should be noted, however, that at no time have any of the litigants raised a constitutional challenge regarding the proceedings.

In *Easton's Point Association v. Coastal Resources Management Council,* 522 A.2d 199 (R.I.1987), a Superior Court justice was considering the merits of an appeal taken by the Coastal Resources Management Council. Before considering the merits of the appeal, the trial justice invited counsel to the litigants to file supplemental briefs regarding the constitutionality of the statute that created the council. Sometime after he had received the briefs of counsel, the trial justice ruled that a portion of the statute creating the council was a unconstitutional usurpation of the Governor's executive powers. We are of the opinion in this case, as we were in the *Easton's Point Association* litigation, that a trial justice has no standing sua sponte to attack the constitutionality of a statute when neither party to the litigation has lodged a constitutional challenge.

We subscribe to the sentiments expressed by the court in *People v. Lybarger,* 700 P.2d 910 (Colo.1985). There the court

emphasized that courts exist for the purpose of deciding live disputes involving " 'flesh and blood' legal problems with data 'relevant and adequate to an informed judgment.' " *Id.* at 915 (quoting *New York v. Ferber,* 458 U.S. 747, 767–68, 102 S.Ct. 3348, 3359–61, 73 L.Ed.2d 1113, 1130 (1982)). The court also stressed that limiting a trial justice to consideration of those claims raised by the parties in a specific controversy enhances the prospect that any final judgment will proceed from a factual and legal analysis of the actual dispute presented to the court. 700 P.2d at 915. Absent such restrictions on the exercise of judicial authority, judicial pronouncements become hypothetical rulings on matters that may be extraneous to the real source of contention between the litigants. *Id.* Consequently it is clear and imperative that a trial justice, in the exercise of his or her judicial authority, not resolve a constitutional issue unless and until such issue is actually raised by the parties to the controversy and a necessity for such a decision is clear and imperative. In sum, a trial justice does not have the authority to sua sponte attack the constitutionality of a statute; it must be raised by a party entitled to make such challenge.

Here the trial justice erred when he declared § 9–2–18 unconstitutional. The petition for certiorari is granted. The judgments appealed from are quashed, and the cases are remanded to the Superior Court where the plaintiffs' motions to accelerate shall be granted.