**OUTLET COMMUNICATIONS, INC.,**
**d/b/a Channel 10 News**

v.

**STATE of Rhode Island.**

No. 90–389–M.P.

Supreme Court of Rhode Island.

April 4, 1991.

Joseph V. Cavanagh, Blish & Cavanagh, Michael P. DiBiase, Providence, for plaintiff.

James E. O'Neil, Atty. Gen., John J. Hogan, Sp. Asst. Atty. Gen., for defendant.

## OPINION

**PER CURIAM.**

This case was before the court pursuant to an order issued to the parties to appear and show cause why the issues raised in this petition for the issuance of a writ of certiorari should not be summarily decided. After reviewing the memoranda submitted by the petitioner and by the state and after hearing counsel in oral argument, this court concludes that cause has not been shown.

At issue is the interpretation given by the trial justice of G.L.1956 (1985 Reenactment) § 9–19.1–2 of the Rhode Island Newsman's Privilege Act, so called. That section reads in part:

> "[N]o person shall be required by any * * * grand jury * * * to reveal confidential association, to disclose any confidential information or to disclose the source of any confidential information received or obtained by him in his capacity as a reporter * * * or other person directly engaged in the gathering or presentation of news for any accredited * * * television station."

In this case a statewide grand jury has issued a subpoena duces tecum to the keeper of the records of petitioner Outlet Communications, Inc., d/b/a Channel 10 (channel 10), seeking materials related to a broadcast aired on July 11, 1990. That broadcast had resulted from a television interview conducted by newsperson Frank Colletta of channel 10 on a public sidewalk at the request of a person who was wanted by the authorities in connection with the ongoing grand jury investigation. That person had fled from the scene where his associate was arrested. He contacted the television station and requested that the newsperson and camera crew from channel 10 meet with him. The manager of the station was quoted as saying that the person wanted by the authorities desired to tell his side of the story before surrendering himself to the police. The interview was held, and the individual was arrested immediately thereafter. The arrest also was filmed. Channel 10 broadcast only a portion of the interview.

The subpoena duces tecum sought that part of the interview that had not been aired. Channel 10 filed a motion to quash the subpoena on the grounds that the information sought was protected by the Rhode Island Newsman's Privilege Act (the act), so called, on the ground that the information was confidential and therefore privi-

leged. The trial justice disagreed, and we believe correctly so.

■ The act by its terms specifically applies only to confidential information. The information in question is merely unpublished, not confidential. In our opinion, under the plain language in the act, information must be given either in secret or in confidence to the news entity that claims the privilege in order to acquire the protection of confidentiality. In the case before us the circumstances surrounding petitioner's acquisition of the information was anything but secret or confidential. The individual here attempted to ensure public exposure by asking "Channel 10 News" to meet with and interview him on a public sidewalk.

■ We do not accept channel 10's claim that the information sought is protected by the First Amendment of the United States Constitution. That claim is based on their argument that in *Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), the United States Supreme Court acknowledged or recognized a qualified privilege with respect to newsgathering. However, in *Capuano v. Outlet Co.*, 579 A.2d 469 (R.I.1990), even though the facts in that case differ from those in the case before us, we reached the conclusion that there is no First Amendment privilege, qualified or otherwise, to allow a media defendant or newsperson to refuse to divulge confidential sources and the information obtained. We said:

> "Our reading of *Branzburg*, together with *Herbert v. Lando*, 441 U.S. 153, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979), leads us to the conclusion that the Supreme Court of the United States has rejected the proposition that there is a First Amendment privilege accorded to newspersons to refuse to disclose information, confidential or otherwise, which is necessary to the determination of a litigated case." *Capuano*, 579 A.2d at 474.

The Supreme Court of Maine has arrived at the same conclusion in regard to the holding in *Branzburg* in a case that is factually similar to this case. The Supreme Court of Maine held that a television news reporter did not have a constitutional privilege to refuse to comply with a grand jury subpoena commanding him to turn over the unbroadcast portions of a videotaped nonconfidential interview. *In re Letellier*, 578 A.2d 722 (Me.1990). Maine has not enacted a newsperson's-privilege statute.

■ Neither can we accept petitioner's claim that it enjoys a constitutional privilege against disclosure of the materials in question under article I, section 20, of the Rhode Island Constitution. We decline to find a constitutionally based privilege and do find that the General Assembly has adequately responded to the competing interests at play in these situations. If such a newsperson or news agency has any privilege, it is created by a special statute enacted by the Legislature, and it is limited to the clear language of the statute. We note the observation of Circuit Judge Selya in *Fischer v. McGowan*, 585 F.Supp. 978, 989 (D.R.I.1984), a decision he rendered while a member of the District Court:

> "The Rhode Island General Assembly arrived at this crossroads a decade ago. It mapped out a statutory path which rationally reflects the competing interests of newsperson and litigant, and which steers a steady course along the high road of principle."

■ In regard to the trial justice's sua sponte ruling that the Newsman's Privilege Act violates the Rhode Island Constitution, we must state that he was not in a position to make such a ruling. We held recently in *Devane v. Devane*, 581 A.2d 264, 265 (R.I. 1990):

> "Consequently it is clear and imperative that a trial justice, in the exercise of his or her judicial authority, not resolve a constitutional issue unless and until such issue is actually raised by the parties to the controversy and a necessity for such a decision is clear and imperative. In sum, a trial justice does not have the authority to sua sponte attack the constitutionality of a statute; it must be raised by a party entitled to make such a challenge."

For these reasons the petition for the issuance of the writ of certiorari is denied, the writ heretofore issued is quashed, the order appealed from is affirmed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon.