**MANNING AUTO PARTS, INC.**

v.

**Dennis SOUZA d/b/a Denny's Auto.**

**No. 90–508–Appeal.**

Supreme Court of Rhode Island.

May 22, 1991.

E. Martin Stuchfield, Winograd, Shine & Zacks, P.C., Providence, for plaintiff.

Charles J. Vucci, Providence, for defendant.

OPINION

PER CURIAM.

On April 16, 1991, the defendant, by his counsel, appeared before a panel of this court to show cause why his appeal from the grant of the plaintiff's motion for summary judgment should not be denied and dismissed.

As the name Manning Auto Parts indicates, plaintiff is a supplier of automobile parts. The defendant, Dennis Souza, who operates a service station, has been a customer of plaintiff's for many years. In January 1986, when defendants' account had grown to almost $29,000, plaintiff split the account in the hopes that defendant would sign a $25,000 promissory note. Although the note was never signed, plaintiff maintained the two separate accounts: one that was opened with a $25,000 balance (the "note" account) and one that represented the balance of the original account, $3,980.32.

In May 1988 plaintiff filed a complaint in the Superior Court in which it sought to recover $50,560.93. Later in January 1990 plaintiff filed a motion for summary judgment. The defendant conceded owing money to plaintiff but disputed the amount.

The plaintiff's president and treasurer submitted an affidavit in which he explained how he had split the accounts and showed that every payment made by defendant had been credited to his account. The "note" account, which originally had had a balance of $25,000, showed two credit payments of $500 each. The other account, the one that had had a balance due of $3,980.92, continued to grow; and after all the payments and credits were entered, the balance due and payable was $26,060.93. Attached to plaintiff's affidavit were copies of the invoices that reflected every payment defendant had made. The court has been informed by counsel for plaintiff that during the pendency of this appeal, defendant has made a series of payments to plaintiff, thereby bringing the balance now due on these accounts to $49,460.

The record presents no genuine issue of material fact, and consequently, the grant of summary judgment was appropriate in these circumstances. *Trend Precious Metals Co. v. Sammartino, Inc.*, 577 A.2d 986, 988 (R.I.1990).

 Once again we would note that a litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions, or mere legal opinions. *Industrial National Bank v. Patriarca*, 502 A.2d 336, 338 (R.I.1985).

Accordingly, since the defendant has failed to show cause, the defendants' appeal is denied and dismissed.

WEISBERGER and SHEA, JJ., did not participate.