[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is presently before this court on defendant's motion to vacate and quash attachments. Plaintiff objects to defendant's motion to quash and in the alternative moves to attach. Plaintiff also moves for security pending appeal.
The Superior Court entered a judgment in favor of the plaintiff, John G. Kottis, on April 18, 1990, in the amount of $1,872,999.40, plus interest, costs and attorney's fees. The defendant, Thomas L. DeFelice, filed a notice of appeal of the judgment on or about April 20, 1990. On or about April 24, 1990, plaintiff filed three writs of attachment against certain real estate owned by the defendant, located in North Providence, Cranston, and Warwick, Rhode Island.
The defendant now moves to quash plaintiff's attachments on the grounds that they were issued without providing defendant with notice or an opportunity to be heard. Objecting to defendant's motion, plaintiff avers that Rhode Island law governing property attachment, R.I. Gen. Laws § 10-5-2, does not require notice or a hearing for post-judgment attachment, and in the alternative moves to attach and for security while appeal is pending. Each party's respective motions will be addressed in turn.
I.
In support of his objection to defendant's motion, plaintiff relies primarily on Dionne v. Bouley, a 1985 case decided by the First Circuit Court of Appeals, 757 F.2d 1344 (1st Cir. 1985), determining the constitutionality of R.I.G.L. § 10-5-2.Dionne concerned a landlord/tenant dispute originally brought in the Second Division District Court of Rhode Island. In the initial action, the landlord prevailed and was awarded a judgment of $550. After an execution the judgment was returned "unsatisfied", and the landlord served a writ of attachment on the tenant's bank. At the time of said attachment, the tenant's bank account contained $601 dollars, most of which consisted of social security benefits paid to her and her four minor children. Under federal law, social security benefits are exempt from "attachment, garnishment, or other legal process. . . ." See42 U.S.C. § 407 (1983).
Interpreting § 10-5-2, the court found the statute was unconstitutional because it failed to provide debtors sufficient notice and a hearing. The court stated:
 [w]e are in agreement with the district court's conclusion that Rhode Island has not provided judgment debtors whose property it permits creditors to seize unilaterally by writ of attachment with sufficient, defined procedural process to meet the requirements of the due process clause of the fourteenth amendment. 757 F.2d at 1354.
The plaintiff's reliance on Dionne in the instant case, however, is misplaced. Dionne was decided by the First Circuit in 1985. In that case the court essentially upheld the Rhode Island District Court decision which was rendered in 1984.583 F. Supp. 307 (R.I. Dist. Ct. 1984). Subsequent to 1984, the Rhode Island General Assembly amended § 10-5-2 significantly. At the time that the District Court decided Dionne, § 10-5-2 read as follows:
 A court having jurisdiction over a defendant or his assets . . . may authorize a plaintiff to attach the same, or any part thereof, after hearing on a motion to attach, notice of which has been given to the defendant as herein provided. At the time of the commencement of the action or any time thereafter, a plaintiff must file a motion in said court for authority to attach said defendant's assets . . . [i]n all actions where the plaintiff's claim against the defendant has been reduced to a judgment, the defendant's assets, including his personal estate and real estate, may be attached without further hearing by the court or notice to the defendant. (emphasis added). R.I. Gen. Laws (1969 Reenactment, 1984 Supplement) § 10-5-2.
Through P.L. 1984, ch. 357, § 2 and P.L. 1986, ch. 320, § 1, the Rhode Island General Assembly amended § 10-5-2 to delete the language emphasized above. Currently, and at all times relevant to the instant case, § 10-5-2 reads as follows:
 (a) A court having jurisdiction over a defendant or his assets . . . may authorize a plaintiff to attach the same, or any part thereof, after hearing on a motion to attach, notice of which has been given to the defendant as herein provided. At the time of the commencement of the action or any time thereafter, a plaintiff must file a motion in said court for authority to attach said assets. . . .
 (c) . . . in all actions where the plaintiff's claim against the defendant has been reduced to a judgment, the defendant's assets . . . may be attached and may be subject to trustee process as set out in Chapter 17 of this title in the same action in which the judgment has been rendered
(emphasis added). R.I. Gen. Laws § 10-5-2 (1985 Reenactment, 1988 Supplement).
The court notes that the General Assembly has purposefully removed all language specifically sanctioning post-judgment attachment without notice or a hearing.
This court is satisfied that this language is clear and unambiguous. The section requires that in order for a plaintiff to attach a defendant's property, he or she must file a motion to attach and give the defendant notice of a hearing thereon. This requirement is expressed in mandatory language, and the only distinction made between pre-judgment attachment and post-judgment attachment is that if attachment is accomplished in the same action in which the judgment has been rendered, then the notice and hearing requirements of subsection (a) need not be met. Thus, if a plaintiff fails to attach the defendant's property in the same action in which the judgment has been rendered in that plaintiff's favor, then he or she is subject to the requirements set forth in § 10-5-2 (a).
Furthermore, this interpretation of § 10-5-2 is consistent with debtors' due process rights that require notification of a timely hearing so that a debtor may challenge any sequestration of his property which that law makes exempt from attachment.See Dionne v. Bouley, supra, at 1352 (citing Finberg v. Sullivan, 634 F.2d 50, 59-62 (3d Cir. 1980); Harris v. Bailey,574 F. Supp. 966, 970-71 (W.D.Va. 1983); Deary v. Guardian Loan Co., Inc., 534 F. Supp. 1178, 1186 (S.D.N.Y. 1982)). In fact, §10-5-2 provides more stringent notice and hearing requirements than due process dictates.[1]
Review of the record in this case indicates that in fact plaintiff provided no notice or hearing prior to attachment. Therefore, pursuant to § 10-5-2, defendant's motion to vacate and quash attachments is granted.
II.
As an alternative to his objection to defendant's motion to quash attachments, plaintiff moves to attach. Rhode Island Superior Court Rules of Civil Procedure, Rule 4(j)(3) provides that a "writ of attachment . . . shall be submitted to the court with a motion for its issuance." Super.R.Civ.P. 4(j); see also
Super.R.Civ.P., Reporter's Notes to 1972 Amendment ("[i]n all cases it is required that the writ be submitted to the court with a motion for its issuance"). The motion to attach under consideration here was filed on January 17, 1992, as part of plaintiff's objection to defendant's motion to quash. No writs of attachment were submitted therewith. Thus, plaintiff's motion to attach must fail.
Plaintiff has also filed a motion that defendant post security as a condition of continuing his appeal. The requirement of security is a matter within the discretion of the court. See
Super.R.Civ.P., Reporter's Notes to 1972 Amendment. This court has not been satisfied that security is warranted in this action. Plaintiff's argument that the posting of security is warranted is not compelling under the present circumstances.
[1] Note, this court is not passing judgment on the constitutionality of § 10-5-2. Neither party to this action has presented arguments regarding the constitutionality of this section; therefore, this court may not make such a ruling sua sponte. See Devane v. Devane, 581 A.2d 264 (R.I. 1990) (trial judge has no standing to attack the constitutionality of a statute when neither party to the litigation has lodged a constitutional challenge); see also People v. Lybarger,700 P.2d 910 (Colo. 1985).