## Thomas F. DOWD

v.

## The COLUMBAN FATHERS, et al.

### No. 93–500–Appeal.

Supreme Court of Rhode Island.

June 29, 1995.

Pro se.

Kevin Holley, William Jestings, Edward Sowa, Jr., Providence.

### ORDER

This matter came before a panel of the Supreme Court on June 27, 1995, pursuant to an order directing the plaintiff to appear and to show cause why the issues raised in his appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, it is the conclusion of this court that cause has not been shown.

On September 22, 1992, the plaintiff, Thomas F. Dowd (Dowd), instituted an action against the defendant, the Columban Fathers (defendant), alleging that defendant interfered with his contractual relations with St. Joseph's Hospital, Dr. Anne Wyatt and Dr. Michael Liu. Specifically, Dowd asserted that defendant ordered the hospital and the named doctors to withhold treatment for Dowd's back injuries.

The defendant promptly moved to dismiss the complaint for failure to state a claim upon which relief could be granted. In granting defendant's motion to dismiss the trial justice relied on affidavits submitted by defendant in support of its motion, thereby converting the motion to dismiss into a motion for summary judgment. *See Ouimette v. Moran*, 541 A.2d 855 (R.I.1988). Dowd now appeals the trial justice's entry of summary judgment.

We note that once a party moving for summary judgment has established a sufficient basis to prevail on such a motion, the litigant opposing the motion "has the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions, or mere legal opinions." *Manning Auto Parts, Inc. v. Souza*, 591 A.2d 34, 35 (R.I.1991). In the instant case, Dowd has failed to meet this burden.

Through its supporting affidavits, defendant established that it was plaintiff's reckless conduct which caused the hospital to stop treating him. Dowd failed to present any affidavits which would counter these allegations. Instead, Dowd merely alleged that defendant interfered with his contractual relations with St. Joseph Hospital and its doctors. It is well settled that "assertions at the summary judgment hearing do not serve as substitutes for affidavits based upon personal knowledge or reference to appropriate discovery materials such as answers to interrogatories, depositions, or Rule 36 admissions." *Nedder v. Rhode Island Hospital Trust National Bank*, 459 A.2d 960, 962 (R.I.1983).

Consequently, plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed and the papers of the case are remanded to the Superior Court.

SHEA and LEDERBERG, JJ., did not participate.