David HALE

v.

MARSHALL CONTRACTORS, INC., et al.

No. 94–580–Appeal.

Supreme Court of Rhode Island.

Dec. 14, 1995.

Andrew S. Caslowitz, East Providence, for Plaintiff.

Peter J. Comerford, Michael Sarli, John F. Cuzzone, Jr., Providence, for Defendants.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on November 6, 1995, pursuant to an order directing the plaintiff to appear and show cause why the issues raised in his appeal should not be summarily decided. The plaintiff, David Hale, appeals from the granting of a summary-judgment motion entered in favor of the defendant D & M Concrete Floor Company (D & M Concrete).

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues will be decided at this time.

The plaintiff filed a complaint in Superior Court, seeking damages against defendants Marshall Contractors, Inc., and its subcontractors, including D & M Concrete. The plaintiff alleged that defendants' negligence caused him to fall at their construction site at the Adult Correctional Institutions (ACI) in Cranston. Specifically plaintiff alleged that he was injured on July 20, 1990, when there to perform electrical work at the site. He entered a mechanical room by climbing a temporary staircase. An hour and a half later he stepped out through the doorway to the mechanical room and fell to the floor below injuring his knee. According to plaintiff, "someone had subsequently removed [the stairs] and replaced them with forms in which to pour cement and make into permanent stairs."

Subsequently D & M Concrete filed a motion for summary judgment. It averred that at plaintiff's deposition he was (1) unable to identify the person who had removed the temporary stairway, (2) not familiar with D & M Concrete, (3) unable to identify anyone from the company as being on the site on the day of his injury, and (4) unaware of any eyewitnesses to either the fall or the removal of the stairway. D & M Concrete also attached to its motion its payroll record for the dates it worked at the ACI. (This record was required under federal law because the project was federally funded.) The payroll indicates that no employees of D & M Concrete were at the site from July 4 to July 26, 1990, and that, therefore, none of its employees were on the site on the date of plaintiff's injuries. It further averred that its employees could not have removed the temporary stairway.

In opposition to D & M Concrete's motion for summary judgment, plaintiff relied on a deposition of a field superintendent for defendant Marshall Contractors. That person stated that D & M Concrete "probably" would be involved in the construction of concrete stairways within the building.

At the hearing on the motion for summary judgment the trial justice reviewed the facts as presented in the memoranda, pleadings, and depositions. The plaintiff's attorney asked for a continuance to depose a D & M Concrete employee regarding the validity of the company's payroll records. The trial justice, at the hearing on August 23, 1994, denied the request, stating:

"[T]his is a 1992 filing and a 1990 accident. On the basis of what I examined, I see no liability that can be imposed upon this defendant. I'm going to grant the motion for summary judgment."

On appeal plaintiff argues that the trial justice erred in granting summary judgment because a genuine issue of material fact existed in regard to whether D & M Concrete had removed the temporary stairway.

When a trial justice is ruling on a motion for summary judgment, the only question before him or her is whether there is a genuine issue of any material fact that must be resolved. *Golderese v. Suburban Land Co.*, 590 A.2d 395, 396 (R.I.1991). Summary judgment should be granted only if

**1254**

an examination of all the pleadings, affidavits, admissions, answers to interrogatories, and other materials, viewed in a light most favorable to the party opposing the motion, reveals no genuine issue of material fact. *Nichola v. John Hancock Mutual Life Insurance Co.*, 471 A.2d 945, 947–48 (R.I.1984). In reviewing the grant of a motion for summary judgment, this court applies the same rule as the trial court. Only when the review reveals no issues of material fact and the moving party is entitled to judgment as a matter of law will this court uphold the trial justice's order granting summary judgment. *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1224 (R.I.1987).

 "[A] litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions, or mere legal opinions." *Manning Auto Parts, Inc. v. Souza*, 591 A.2d 34, 35 (R.I.1991). The court is of the opinion that plaintiff has failed to prove by competent evidence the existence of any disputed material issue of fact. The defendant D & M Concrete was entitled to judgment as a matter of law.

The plaintiff also challenges the trial justice's refusal to grant him a continuance in order to depose the D & M Concrete employee who had attested to the validity of the company's payroll records. The plaintiff relies on Rule 56(f) of the Superior Court Rules of Civil Procedure. Rule 56(f) provides in pertinent part:

> "Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he or she cannot for reasons stated present by affidavit facts essential to justify his or her opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

This court has stated that a trial justice's decision under Rule 56(f) is discretionary. *Greenwald v. Selya & Iannuccillo Inc.*, 491 A.2d 988, 989 (R.I.1985). The record before

the trial justice establishes that D & M Concrete was not at the site when the plaintiff was injured. Any facts elicited by cross-examination in a deposition of D & M's employee would not have altered this undisputed fact. The trial justice did not abuse his discretion.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.