**RHODE ISLAND DEPOSITORS' ECONOMIC PROTECTION CORPORATION**

v.

**NFD COMPANY et al.**

No. 95–745–M.P.

Supreme Court of Rhode Island.

Jan. 23, 1997.

Jerry H. Elmer, Robert Fine, Providence, for Plaintiff.

William Landry, Edward Maggiacomo (Amicus Curiae), Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Court for oral argument on November 6, 1996, pursuant to an order directing the parties to show cause why the issues raised in the petition for certiorari filed by the Rhode Island Depositors' Economic Protection Corporation after the denial of its motion for summary judgment in the Superior Court should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the petition will be decided at this time.

On March 26, 1986, NFD Company (NFD) entered into a $3.1 loan agreement with Marquette Credit Union (Marquette). A promissory note was signed by NFD's general partners. To secure the indebtedness and obligations under that note, NFD executed a mortgage deed to Marquette on certain real estate property that NFD was developing with the money procured pursuant to the note. Several additional guaranties were also executed in conjunction with the note.

On December 29, 1986, the amount of the loan was increased to $7 million, and the documents associated with the loan were amended accordingly.

On January 1, 1991, Marquette was ordered to cease and desist from conducting business, pursuant to the Governor's closing of several Rhode Island banking institutions. By that date Marquette had extended approximately $4,267,397.21 to NFD. As a result of the cease and desist order, Marquette did not make any further advances pursuant to its loan agreement with NFD.

On March 27, 1991, Marquette went into receivership. On March 24, 1992, as a result of NFD's default on the promissory note, Marquette's receiver foreclosed on the mortgage securing NFD's note and sold the property for $1.2 million. The assets of Marquette, including the amount remaining due on NFD's note, were eventually assigned to the Depositors' Economic Protection Corporation (DEPCO). Because NFD had failed to pay any amount due and owing on its note, DEPCO filed a complaint in the Superior Court demanding payment.

On June 26, 1995, DEPCO moved for summary judgment on its complaint. In opposition to the summary judgment motion, NFD claimed that the advances provided for in the loan agreement were intended to fund the construction of their real estate development and that the failure of Marquette to provide that further funding after its receivership caused NFD to sustain damages. As a result, NFD asserted a failure of consideration and the equitable defense of recoupment. Convinced by NFD's assertions, the trial justice denied the motion for summary judgment, and DEPCO filed a petition for certiorari to this Court. We conclude that the trial justice's decision was erroneous.

General Laws 1956 § 42–116–23 codifies what has come to be known as the *D'Oench, Duhme* doctrine. *See D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942); *cf. Paradis v. Greater Providence Deposit Corp.*, 677 A.2d 1340 (R.I.1996)(discusses the codification of *D'Oench, Duhme & Co.* in G.L.1956 § 19–15–12, which contains essentially the same language as § 42–116–23). Section 42–116–23 provides that

"[n]o agreement which tends to diminish or defeat the interest of the corporation in any asset acquired by it under this chapter shall be valid against the corporation unless such agreement:

(a) Is in writing

(b) Was executed by the eligible institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the eligible institution;

(c) Was approved by the board of directors of the eligible institution or its loan committee; which approval shall be reflected in the minutes of the board or committee; and

(d) Has been, continuously, from the time of its execution, an official record of the eligible institution."

The language of that statute, and also the language of § 19–15–12, is, in all material aspects, identical to 12 U.S.C. § 1823(e). Consequently, federal court decisions interpreting 12 U.S.C. § 1823(e) provide us with guidance in interpreting our own comparable statutes. *See Paradis, supra.*

The federal courts have consistently held that the only claims and defenses that can be raised against the Federal Deposit Insurance Corporation (FDIC), the federal counterpart of DEPCO, are real defenses that make the underlying loan agreement void and not merely voidable, *In re 604 Columbus Ave. Realty Trust,* 968 F.2d 1332, 1346–47 (1st Cir.1992), and claims arising from agreements that are "supported by some explicit writing in the bank's official records or by an express written agreement between the banking institution and the claimant," *Paradis,* 677 A.2d at 1343 (citing numerous federal cases). In this case, NFD has failed to present any evidence that it has a real defense or a claim arising from any explicit written loan agreement, and therefore, the summary judgment motion should have been granted.

■ "[A] litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions, or mere legal opinions." *Hale v. Marshall Contractors, Inc.* 667 A.2d 1252, 1254 (R.I.1995)(quoting *Manning Auto Parts, Inc. v. Souza,* 591 A.2d 34, 35 (R.I.1991)). *See also Dowd v. Columban Fathers,* 661 A.2d 966 (R.I.1995); *Citizens Trust Co. v. Connors,* 644 A.2d 311 (R.I.1994). In opposing DEPCO's motion for summary judgment, NFD submitted a "verified claim" that asserted allegations regarding Marquette's obligations under the loan agreement, but NFD never produced any evidence of an explicit written agreement that required Marquette to fund the real estate development fully, as required by § 42–116–23.

In order for NFD to prevail on its allegations, the loan documents themselves would have to clearly demonstrate the existence of a written agreement by Marquette to fund NFD's real estate development fully. However, NFD did not submit any such loan documents to the Superior Court or to this Court. In fact, the only loan document found in the record is the promissory note that was submitted by DEPCO in connection with its summary judgment motion, and that note contains no written requirement that Marquette fully fund NFD's real estate development. Had NFD demonstrated that Marquette had failed to abide by the explicit terms of the loan documents, then the denial of DEPCO's summary judgment motion arguably would have been proper. *See Howell v. Continental Credit Corp.,* 655 F.2d 743, 747 (7th Cir.1981). NFD, however, failed to present any specific evidence of an explicit written agreement, and that failure is dispositive of its challenge to the propriety of DEPCO's summary judgment motion. Accordingly, the trial justice should have granted DEPCO's motion for summary judgment.

■ With respect to the trial justice's sua sponte questioning of the constitutionality of the DEPCO statutes, we find that such questioning was improper. Initially, we note that the DEPCO act was explicitly found and declared to be constitutional in *In re Advisory Opinion to the Governor (DEPCO),* 593 A.2d 943, 946 (R.I.1991), and *In re Advisory Opinion to the Governor (DEPCO II),* 593 A.2d 1356, 1360 (R.I.1991), and was implicitly found constitutional in *Rhode Island Depositors Economic Protection Corp. v. Phillips,* 643 A.2d 215 (R.I.1994), and *Paradis v. Greater Providence Deposit Corp.,* 677 A.2d 1340 (R.I.1996).[1] However, even ignoring our prior pronouncements concerning the

---

1. We note that the federal counterpart to our DEPCO statute, 12 U.S.C. § 1823(e), was also found constitutional. *See, e.g., Beighley v. FDIC,* 676 F.Supp. 130, 132 (N.D.Tex.1987), *aff'd,* 868 F.2d 776 (5th Cir.1989).

constitutionality of the DEPCO legislation, the trial justice should not have reached the constitutional issue. As we said in *Devane v. Devane,* 581 A.2d 264 (R.I.1990), "a trial justice has no standing sua sponte to attack the constitutionality of a statute when neither party to the litigation has lodged a constitutional challenge." *Id.* at 264. Additionally, we explained that

> "limiting the trial justice to consideration of those claims raised by the parties in a specific controversy enhances the prospect that any final judgment will proceed from a factual and legal analysis of the actual dispute presented to the court. * * * Absent such restrictions on the exercise of judicial authority, judicial pronouncements become hypothetical rulings on matters that may be extraneous to the real source of contention between the litigants. * * * Consequently it is clear and imperative that a trial justice, in the exercise of his or her judicial authority, not resolve a constitutional issue unless and until such issue is actually raised by the parties to the controversy and a necessity for such a decision is clear and imperative. In sum, a trial justice does not have the authority to sua sponte attack the constitutionality of a

statute; it must be raised by a party entitled to make such challenge." *Id.* at 265.

Thus, it was error for the trial justice to have expressed his belief that the DEPCO act was unconstitutional, especially in light of this Court's previous pronouncements of constitutionality, which the trial justice is presumed to have read and is required to adhere to and apply. *See Lancellotti v. Lancellotti,* 543 A.2d 680, 682 (R.I.1988)("[i]t is an axiomatic principle of our judicial system that a Supreme Court decision is binding upon all other tribunals * * * [and a] trial justice may not ignore our previous rulings").

For the foregoing reasons, the petition for certiorari is granted, and the order of the Superior Court is quashed. The papers in this case are remanded to the Superior Court with directions to enter summary judgment for DEPCO.