### RHODE ISLAND DEPOSITORS ECONOMIC PROTECTION CORPORATION

v.

### Richard R. TASCA et al.

### No. 98–168–Appeal.

Supreme Court of Rhode Island.

May 26, 1999.

Steven M. Richard, Providence, for Plaintiff.

Richard W. MacAdams, Providence, Peter J. Rotelli, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on May 10, 1999, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

On October 15, 1986, Hillside Associates, a Rhode Island general partnership in the business of real estate development, executed a promissory note in favor of Marquette Credit Union for $4,600,000 in return for a loan of that amount. Richard R. Tasca and Peter J. Rotelli (defendants) executed a personal guaranty of this loan on the same day.

In the wake of the Rhode Island Share and Deposit Indemnity Corporations (RISDIC) failure, then Governor Bruce Sundlun approved *"Special Regulations and Order Issued Pursuant to Title 19, Chap-*

*ter 18 of the General Laws of Rhode Island"* on January 1, 1991, closing financial institutions insured by RISDIC that were "unable to obtain adequate deposit insurance," G.L.1956 § 19–12–6(1) including Marquette Credit Union. To ameliorate the crisis, the General Assembly established the Rhode Island Depositors Economic Protection Corporation (DEPCO) via the Rhode Island Depositors Economic Protection Act (DEPCO Act). G.L.1956 chapter 116 of title 42. DEPCO was empowered to "acquire all or a portion of the assets of [closed] financial institutions * * * to aid the prompt payment of deposit liabilities of the financial institutions to each depositor * * *." Section 42–116–2(e).

Upon the closing of Marquette Credit Union, counsel for Hillside Associates sent a letter on January 4, 1991, to the credit union setting out the various claims of Hillside and its business associates, including the right of set-off, arising out of Marquette's inability to fulfill its alleged contractual obligations due to the credit union's closing. Hillside also stopped making payments on its $4,600,000 loan from Marquette. Thereafter in March of 1991, Marquette was placed in receivership. On May 22, 1992, a Superior Court justice approved the sale of substantially all of Marquette's assets, including the promissory note and guaranty at issue, by Marquette's receiver to DEPCO. A week later, Hillside and its associates, including defendants, filed a Proof of Claim with Marquette's receiver for essentially the same claims that they had laid out in their January 4, 1991 letter. The sale of Marquette's assets was consummated on June 24, 1992, with the signing of a sales agreement between DEPCO and Marquette's receiver, and the receiver thereafter assigned substantially all of Marquette's loans to DEPCO.

DEPCO filed suit against defendants on May 22, 1996, pursuant to their guaranty, for breach of contract to recover the debt due on Hillside's defaulted loan, and subsequently filed a motion for summary judgment. The defendants objected to this motion on the grounds that they had a right of set-off stemming from damages caused to them by Marquette. The Superior Court justice granted the motion for summary judgment on February 17, 1998, agreeing with DEPCO that it took Hillside's promissory note and defendant's guaranty free and clear of any claims of set-off.

The defendants now appeal the grant of summary judgment, arguing that the trial justice erred by granting summary judgment in contravention of their alleged right of set-off. The defendants ground their claim to set-off in allegations contained in Hillside's January 4, 1991 letter and their May 29, 1992 Proof of Claim. The essence of defendants' claim is that Marquette's inability to provide additional funding of defendants' real estate development projects constituted a breach of contract from which defendants sustained damages. The record contains no evidence other than these allegations establishing that Marquette owed defendants any outstanding obligation.

In *Rhode Island Depositors' Economic Protection Corp. v. NFD Co.*, 687 A.2d 452 (R.I.1997), we considered a remarkably similar case. NFD Company had defaulted on a loan agreement with Marquette after the credit union went into receivership. DEPCO acquired the note and brought suit to collect the balance due. Opposing DEPCO's motion for summary judgment, NFD alleged that Marquette's failure to provide further funding for NFD's real estate developments caused NFD damages. The trial justice denied DEPCO's motion for summary judgment based upon NFD's arguments. On writ of certiorari, "[w]e conclude[d] that the trial justice's decision was erroneous." *Id.* at 453.

We based this decision on § 42–116–23, a codification of the *D'Oench, Duhme* doctrine, holding that "claims arising from agreements [must be] 'supported by some

explicit writing in the bank's official records or by an express written agreement between the banking institution and the claimant.'" *NFD Co.*, 687 A.2d at 454 (quoting *Paradis v. Greater Providence Deposit Corp.*, 677 A.2d 1340, 1343 (R.I. 1996)); *see also D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). Because "[a] litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions, or mere legal opinions," *NFD Co.*, 687 A.2d at 454. NFD's failure to produce "any specific evidence of an explicit written agreement" demonstrating that Marquette had promised to provide additional funding required that "the trial justice should have granted DEPCO's motion for summary judgment." *NFD Co.*, 687 A.2d at 454. *See also Hale v. Marshall Contractors, Inc.*, 667 A.2d 1252, 1254 (R.I.1995).

■ In the instant case, defendants' reliance on unsupported allegations of an agreement by Marquette to further fund defendants' real estate ventures without "specific evidence of an explicit written agreement * * * is dispositive of its challenge to the propriety of DEPCO's summary judgment motion." *Id.* Faced with no evidence that such an agreement existed, the trial court properly granted DEPCO's motion for summary judgment.

■ Additionally, we reject defendants' interpretation of G.L.1956 § 19–15–7(c) dealing with receiverships,[1] which would transform the alleged right of set-off into a secured claim. We hold that the plain meaning of this statutory subsection does not support such a contention.

We have also considered the other issues raised by defendants but believe that such claims are without merit and do not require extended analysis. We do not believe that any constitutional issue is raised in the present appeal. We have repeatedly held the DEPCO Act to be constitutional. *See, e.g., Rhode Island Depositors Economic Protection Corp. v. Brown*, 659 A.2d 95, 100–06 (R.I.1995); *In re Advisory Opinion to the Governor (DEPCO II)*, 593 A.2d 1356, 1360 (R.I.1991); *In re Advisory Opinion to the Governor (DEPCO)*, 593 A.2d 943, 946 (R.I.1991).

Consequently, we affirm the trial court's grant of DEPCO's motion for summary judgment, deny and dismiss the defendants' appeal, and remand the papers in this case to the Superior Court.

---

1. G.L.1956 § 19–15–1 to –17, *repealed and replaced by* P.L.1995, ch. 82, §§ 16 & 50 (codified at G.L.1956 chapter 12 of title 19, specifically § 19–12–7(c)).