**Lynn NOWICKI**

v.

**OCEAN STATE BIKES, INC., et al.**

No. 93–639–Appeal.

Supreme Court of Rhode Island.

March. 29, 1996.

Thomas F. Connors, Joel D. Landry, Providence, for Plaintiff.

Michael Mulcahy, Gerald C. DeMaria, Paul S. Callaghan, Providence, for Defendant.

**OPINION**

WEISBERGER, Chief Justice.

This case comes before us on appeal from judgments and orders entered in the Superior Court for the County of Kent. We vacate the judgments and orders and remand the case to the Superior Court for a factual and legal determination in accordance with guidelines that shall be set forth below. The facts of the case insofar as pertinent to this appeal are as follows.

The litigation arises out of a moped accident that occurred on September 9, 1984. The plaintiff, Lynn Nowicki, alleged that she and a friend, David DeBaene (DeBaene), rented two mopeds from Ocean State Bikes, Inc., d.b.a. Old Harbor Bike Shop (Ocean State), for the purpose of a sightseeing tour of Block Island. During this tour plaintiff switched mopeds with DeBaene after he had replaced a missing nut on his vehicle. Approximately thirty minutes later plaintiff's moped stopped abruptly, and she was precipitated over the handlebars. Subsequent investigation caused her to allege that the moped had stopped as a result of the loss of a nut, the absence of which resulted in the fender's rubbing against the front tire of the moped. The plaintiff suffered substantial personal injuries.

The plaintiff brought suit against Ocean State and defendant Marina Mobili, Inc. (Marina Mobili) (the distributor of the mopeds), in 1986. Thereafter, her complaint was amended to include the alleged manufacturer of the mopeds, Malaguti Moto S.P.A. (Malaguti), and also Harold Todd and Carolyn Todd, the principal officers of Ocean State (the Todds).

The amended complaint that now included Malaguti and Marina Mobili as parties defendant consisted of four counts: (1) strict product liability, (2) negligence, (3) *res ipsa loquitur,* and (4) breach of warranty.

The trial began on November 17, 1992. In the course of the trial, plaintiff presented an expert witness who proffered an opinion that

the moped had been defectively designed by reason of the fact that the front fender was not secured by lock washers or lock nuts. The trial justice refused to admit this opinion. In the absence of this opinion evidence, the trial justice held as a matter of law that Malaguti and Marina Mobili were entitled to directed verdicts in their favor. She entered an order to this effect on November 23, 1992, and judgment was entered by the clerk that same date in favor of Malaguti and Marina Mobili. The trial justice also directed verdicts in favor of Ocean State and the Todds in respect to the counts alleging strict liability and breach of warranty.

She submitted the remaining counts alleging negligence and *res ipsa loquitur* to the jury in respect to Ocean State and the Todds. The trial justice also submitted to the jury written interrogatories to assist it in rendering a verdict. On November 25, 1992, the jury rendered a verdict in favor of Ocean State and the Todds. It appears from the record that the court clerk entered a judgment on that same date. The plaintiff's counsel did not discover that judgment had entered pursuant to the verdict until December 15, 1992.

On December 15, 1992, plaintiff filed a notice of appeal from the judgments that had been rendered in favor of all defendants (both those based upon the directed verdicts and those based upon the verdict rendered by the jury). On December 23, 1992, plaintiff filed a motion for a new trial. After one or more continuances the motion was denied by the trial justice on April 23, 1993.

Meanwhile defendants filed a motion to dismiss the appeal from the judgments that had been rendered in favor of all defendants on the ground that plaintiff had failed to order a transcript pursuant to Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure. The trial justice granted the motion to dismiss plaintiff's appeal on May 14, 1993. It is undisputed that no transcript had been ordered on or before the date of this dismissal.

On or about May 28, 1993, a second notice of appeal was filed from the order of dismissal entered May 17, 1993. This notice of appeal also purported to seek review of the original judgments entered pursuant to the directed verdicts and the jury's verdict. The defendants challenged this notice of appeal insofar as it sought review of the same matters as had the original appeal that had been dismissed. This motion to dismiss was heard by the trial justice on July 12 and 26, 1993. On the later date the trial justice ruled that the second notice of appeal would be limited to a challenge of the order of dismissal entered on May 17, 1993. This order has not been appealed by either side.

This court cannot reach the merits of the controversy between plaintiff and defendants until the procedural thicket has been cleared. The plaintiff contends that she was unaware of the entry of judgment pursuant to the jury's verdict until the time for taking an appeal had almost expired. The plaintiff's counsel filed the notice of appeal on December 15, 1992, and thereafter, on December 23, 1992, filed a motion for new trial. This motion was considered on the merits by the trial justice and denied on April 23, 1993.

The defendants claim that the trial justice was legally correct in dismissing plaintiff's appeal on May 14, 1993, for failure to order the transcript. They also claim that plaintiff's motion for a new trial was not timely filed in accordance with Rule 59 of the Superior Court Rules of Civil Procedure which requires the filing of a motion for a new trial within ten days of the date of the entry of judgment. The defendants further argue that although the trial justice considered the motion on its merits, plaintiff is not entitled to review of this decision since not only was the motion not timely filed but the second notice of appeal dated May 28, 1993, did not list among the grounds for appeal the denial of the motion for new trial.

The first and controlling issue that must be determined by this court is whether the trial justice properly dismissed plaintiff's first appeal on May 14, 1993, for failure to order the transcript. This court is of the opinion that it cannot determine whether the trial justice was in error in dismissing this appeal without a clarification of the record in the court below.

Rule 58 of the Superior Court Rules of Civil Procedure provides as follows:

"**Entry of Judgment.**—(a) *After Trial or Hearing.* Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a *general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it.*" (Emphasis added.)

At oral argument counsel conceded that the verdict rendered by the jury was accompanied by answers to special interrogatories. Consequently no judgment should have been entered by the clerk unless and until the trial justice had approved the form of the judgment. The document entered as judgment contains no indication of approval by the trial justice. It does not contain the signature of the trial justice, and neither counsel participated in any discussion with the trial justice or proposed any form of judgment for entry prior to the date that the judgment was entered.

In the event that this judgment was entered without the specific approval of the trial justice, it would be an ineffective instrument since it did not meet the requirements of Rule 58. This possibility would mean that no effective judgment has been entered in the Superior Court pursuant to the jury's verdict. If no effective judgment was entered in the Superior Court on these issues, pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, the judgment entered pursuant to the directed verdict would not constitute a final judgment since no judgment may be final in circumstances wherein fewer than all the claims have been resolved save by specific direction of the trial justice.

If no final judgment was entered in these cases, the purported appeal taken by plaintiff would have been premature and consequently there would be no obligation to order a transcript pursuant to Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure.

It is not possible for this court to pass upon the correctness of the trial justice's order of dismissal until she makes a final determination concerning whether she specifically approved the form of judgment purportedly entered by the clerk on November 25, 1992. If the clerk entered judgment without the specific approval of the trial justice, said judgment would not meet the requirements of Rule 58.

It should also be noted that since Rule 58(a)(2) provides for entry of judgment after approval by the court, it cannot be presumed that the clerk will enter the judgment the same day that the verdict is received. Therefore, it seems appropriate that the clerk promptly notify counsel for the parties of the date upon which the judgment is actually entered. This act might readily be performed by mailing to each attorney a copy of the judgment with the date of entry noted thereon. Although the signature of the trial justice is not required, it would provide conclusive evidence that the trial justice has, in fact, approved the form of the judgment when interrogatories have been submitted to the jury. Such a practice might preclude the raising of such issues as are before this court in the case at bar.

For the reasons stated, the papers in this case are remanded to the Superior Court for the County of Kent in order that the trial justice may make a determination concerning whether she approved the form of judgment entered by the clerk. If she did not do so, she may then enter a new judgment from the time of which entry the appeal period would begin to run, as well as the period within which the plaintiff might file a motion for new trial if she sees fit. All obligations, including the obligation to order a transcript, would run from the time of entry of the new judgment. If the trial justice finds that she did approve the form of judgment entered by the clerk on November 25, 1992, she should enter a finding to that effect and return the case to this court for further proceedings.

SHEA, J., not participating.