Lynn NOWICKI

v.

OCEAN STATE BIKES, INC., et al.

No. 96–552–Appeal.

Supreme Court of Rhode Island.

Feb. 19, 1998.

Joel D. Landry, Thomas F. Connors, Providence.

Gerald C. DeMaria, Paul S. Callaghan, Providence, Michael Mulcahy, Cranston.

## ORDER

This case came before the Supreme Court on February 3, 1998, pursuant to an order that directed the parties to show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, Lynn Nowicki, has appealed from the entry of judgments for the defendants in this personal injury and products liability action involving a moped rented by the plaintiff on Block Island in 1984. Alter hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

The facts and complex procedural history of this case have been set forth in *Nowicki v. Ocean State Bikes, Inc.* 673 A.2d 48 (R.I. 1996). We noted in that opinion that at the conclusion of trial, a judgment had entered without the signature of the trial justice and without any discussion with counsel on the form of judgment prior to its entry. Unless the judgment had the trial justice's approval, it would not meet the requirements of Rule 58 of the Superior Court Rules of Civil Procedure. Therefore, we remanded the case and directed the trial justice to "make a determination concerning whether she approved the form of judgment entered by the clerk. If she did not do so, she [could] then enter a new judgment from the time of which entry the appeal period would begin to run, as well as the period within which the plaintiff might file a motion for new trial if she sees fit." Upon remand, the trial justice

determined that she had not approved the form of the judgment entered by the clerk. Two new judgments were entered on July 8, 1996, from which plaintiff had 20 days in which to file a notice of appeal pursuant to Article I, Rule 4(a) of the Rules of Appellate Procedure. Instead of filing a notice of appeal from the judgments, however, plaintiff filed a motion for a new trial. The plaintiffs motion for new trial was heard and denied on July 26, 1996, and on August 1, 1996, an order denying the motion for new trial was entered. The August 1, 1996 order also bears a handwritten addendum signed by the judge and co-signed by the deputy clerk, stating, "Order effective as of September 17, 1996."[1] On October 7, 1996, the 20th day after September 17, 1996, plaintiff filed a notice of appeal.

Our resolution of this case is controlled by a single issue, namely, that the trial justice exceeded her authority in extending the appeal period and thereby violated Rule 4(a) of the Rules of Appellate Procedure. In pertinent part, Rule 4(a) provides that:

> "*Upon a showing of excusable neglect,* the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed thirty (30) days from the expiration of the original time prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but *if a request for an extension* is made after such time has expired, *it shall be made by* motion with such notice as the court shall deem appropriate." (Emphases added).

There is no evidence in the record that plaintiff requested an extension in accordance with Rule 4 or that she made a showing of excusable neglect. Moreover, in the event a request was made after the expiration of the original time period, a motion with appropriate notice is required to effectuate that request. Both sets of defendants have asserted that they never received notice of any request for an extension.

Therefore, the trial justice erred in extending the appeal period to September 17, 1996, because defendants had not been afforded the opportunity to be heard. Moreover, the trial justice had no authority to enter such a unilateral, sua sponte, nunc pro tunc order, and her handwritten notation on the original order failed to establish excusable neglect. *See Friedman v. Lee Pare & Associates, Inc.,* 593 A.2d 1354 (R.I.1991) (trial justice had no authority to sign order granting extension nunc pro tunc after appeal period had expired). Consequently, the appeal was untimely. This Court has repeatedly held that a timely notice of appeal is a mandatory condition precedent to an appeal. *Warwick Land Trust, Inc. v. Children's Friend & Service, Inc.,* 604 A.2d 1266, 1267 (R.I.1992); *Mitchell v. Mitchell,* 522 A.2d 219, 220 (R.I. 1987); *Title Investment Co. v. Fowler,* 504 A.2d 1010, 1011 (R.I.1986).

For the foregoing reasons, we deny and dismiss the plaintiffs appeal and affirm the judgment of the Superior Court to which we remand the papers in this case.

BOURCIER, J., did not participate.

---

**1.** This order denying plaintiffs motion for new trial was stamped by the Clerk's Office on July 30, 1996, and was dated and signed by the trial justice and the clerk on August 1, 1996. Pursu-

ant to Rule 58(a) of the Superior Court Rules of Civil Procedure, judgment entered on August 1, 1996, and the twenty-day appeal period would have expired on August 20, 1996.