## SMALL BUSINESS LOAN FUND CORP.

v.

### Irwin LOFT.

### No. 98–50–A.

Supreme Court of Rhode Island.

Dec. 4, 1998.

Marco P. Uriati, Providence.

Avran N. Cohen; Peter LaPointe, Providence.

## ORDER

The defendant, Irwin Loft, appeals from the entry of summary judgment in favor of the plaintiff, the Small Business Loan Fund Corporation, in this action to recover amounts due on a promissory note. Following a prebriefing conference, this case was assigned to the full court for possible disposition without oral argument in accordance with Rule 12A(3)(b) of the Rules of Appellate Procedure. Having read the memoranda filed by the parties and other materials in the record, we now proceed to decide this case without further briefing or argument.

The plaintiff is a governmental agency and public instrumentality of the State of Rhode Island. In January 1993, the plaintiff loaned $25,000 to Federal Energy Corporation (FEC), a business founded and operated by the defendant, and the defendant executed a personal guaranty on the note. Four years later, the plaintiff filed a complaint alleging that FEC was in default of the loan. The plaintiff sought judgment in the amount of $20,467.05 from the defendant in his capacity as personal guarantor. In addition, the plaintiff's agents went onto the premises of the defendant's business, and repossessed certain equipment and machinery which had been pledged as collateral for the loan. The defendant filed an answer and counterclaim in which he asserted that the plaintiff had wrongfully deprived him of access to his property and had deprived him of his actual property.

The plaintiff filed a motion for summary judgment on the issues raised in the complaint, that is, on the defendant's indebtedness on the promissory note. While that motion was pending, the plaintiff conducted a public auction of the repossessed inventory. The plaintiff received a total of $2,795.14 from the sale.

Shortly after the auction, the plaintiff's motion for summary judgment was heard. Both parties agreed that the hearing was limited to the issues raised in the complaint, and that the issues raised by the defendant's counterclaim would be decided later at a trial. At the hearing, the defendant did not dispute his liability pursuant to the personal guaranty that he had signed. Rather, he argued that the manner in which the plaintiff had repossessed the collateral was unreasonable. He also asserted that the auction was conducted in a commercially unreasonable manner.

An order granting the motion for summary judgment was entered. However, no final judgment was entered.

At the outset, we remind litigants that Rule 54(b) of the Superior Court Rules of Civil Procedure provides that when fewer than all of the claims in a case have been adjudicated, the trial court may direct the entry of final judgment as to those claims, but only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. There was no such certification in this case. Without a final judgment, an appeal is premature and not properly before us. *See, e.g., Nowicki v. Ocean State Bikes, Inc.,* 673 A.2d 48, 49 (R.I.1996); *Catone v. Multimedia Concepts, Inc.,* 483 A.2d 1081 (R.I.1984). Normally, we would dismiss this appeal for that reason alone, and remand the case to the Superior Court for consideration of Rule 54(b) certification. However, in an effort to conserve judicial resources and because we are unanimous in our view of the merits, we proceed to decide this appeal at this time. We make our disposition contingent upon Rule 54(b) certification, which we shall order to be entered when the papers in this case are remanded.

Regarding the substance of the appeal, we agree with the trial justice that the defendant failed to raise a genuine issue of material fact and that the plaintiff was entitled to judgment as a matter of law. The defendant himself did not deny his

liability pursuant to the personal guaranty. Instead he argued that the seizure of the property was wrongful and the sale of the property was commercially unreasonable. He submitted a cursory and conclusory affidavit in opposition to the motion for summary judgment. Most of the assertions in the affidavit related to the issues raised in his counterclaim. The rest of his affidavit contained only general denials or reiterations of the allegations in his pleadings. Moreover, although he asserted that he could produce people who would testify in his favor, he did not produce the names of those people. Nor did he supply affidavits from them.

A party opposing a motion for summary judgment may not rely upon mere allegations or denials in his pleadings. Rather, he has an affirmative duty to set forth specific facts showing a genuine issue of material fact. *Bourg v. Bristol Boat Co.*, 705 A.2d 969, 971 (R.I.1998)(citing *St. Paul Fire & Marine Ins. Co. v. Russo Brothers, Inc.*, 641 A.2d 1297, 1299 (R.I.1994)). The defendant in this case failed to meet this burden.

We remit the papers in this case to the Superior Court with directions to the trial justice to enter a Rule 54(b) judgment. Upon the entry of that judgment, the defendant's appeal shall be denied and dismissed.