DECISION
This declaratory judgment action is before the Court on cross-motions for summary judgment brought by plaintiff Anne M. Patenaude and defendant John Hancock Property and Casualty Insurance Companies (John Hancock). The parties have submitted an agreed statement of facts and now seek a determination of whether John Hancock is entitled to reimbursement from any award or settlement plaintiff obtains. Jurisdiction is pursuant to G.L. 1956 § 9-30-1, the Uniform Declaratory Judgment Act.
 FACTS and TRAVEL
On August 12, 1993, both plaintiff Anne M. Patenaude and defendant Richard A. Bachmann (Bachmann) were operating motor vehicles in a westerly direction on Tollgate Road in Warwick, Rhode Island, when Bachmann struck plaintiffs vehicle in the rear.[1] At the time of the accident, plaintiff was qualified as an insured under an automobile policy issued to Joseph Patenaude by defendant John Hancock Casualty and Insurance Companies (John Hancock), policy number PA9522687. Under the terms of the policy and pursuant to G.L. 1956 § 27-7-2.1, John Hancock agreed to pay all sums which the plaintiff would be entitled to recover as damages from the owner or operator of an underinsured automobile because of bodily injuries sustained by the insured caused by the negligence of said operator, and arising out of the ownership, maintenance or use of such underinsured automobile. The applicable limit of uninsured motorist coverage was $50,000.
On the date of the collision, Bachmann was insured by Allstate Insurance Company and had liability coverage in the amount of $100,000. Since plaintiff believed that her damages, as a result of the collision, exceeded Bachmann's liability coverage, she pursued a claim for underinsured motorist benefits under the John Hancock policy.
Pursuant to the terms of the policy, the claim against John Hancock was heard by a panel of three arbitrators (panel). On October 16, 1996, the panel issued a binding decision finding that plaintiff had sustained $110,000 in compensatory damages. Although John Hancock raised issues as to setoffs, those issues were not decided by the panel but instead were, by agreement of the parties, preserved to be decided in a different forum. Since the setoff issue was not resolved, the panel was unable to consider pre-judgment interest, and that issue was reserved.
Despite the requirements of G.L. 1956 § 10-3-11, the arbitrator's award was never confirmed, and no final judgment was entered. Although the arbitrator's award was never confirmed, John Hancock issued plaintiff a draft in the amount of $50,000. The draft was received and cashed by the plaintiff.
John Hancock then claimed a right of reimbursement or subrogation against monies which plaintiff may receive from Bachmann either by way of settlement or judgment. The plaintiff contends that John Hancock is not entitled to reimbursement under any circumstances. Due to the pendency of this issue, it has not been possible to resolve the case against Bachmann and the plaintiff, therefore, filed the instant action.
 STANDARD FOR SUMMARY JUDGMENT
Summary judgment is a drastic remedy which should be cautiously applied. Boland v. Town of Tiverton, 670 A.2d 1245, 1248 (R.I. 1996). When a trial justice is ruling on a motion for summary judgment, the only question before him or her is whether there is a genuine issue of any material fact which must be resolved. Rotelli v. Catanzaro, 686 A.2d 91 (R.I. 1996). If no genuine issue of material fact exists, the court must then determine whether the moving party is entitled to judgment as a matter of law. Alfano v. Landers, 585 A.2d 651, 652 (R.I. 1991). Summary judgment should be granted only if an examination of all the pleadings, affidavits, admissions, answers to interrogatories, and other materials, viewed in a light most favorable to the party opposing the moving party, reveals no genuine issue of material fact. McPhillips v. Zayre Corp., 582 A.d 747, 749 (R.I. 1990).
A party opposing a motion for summary judgment has an affirmative duty to set forth specific facts that show that there is a genuine issue of material fact to be resolved at trial.Accent Store Design, Inc. v. Marathon House, Inc., 674 A.2d 1223, 1225 (R.I. 1996). "A party opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions, or mere legal opinions." Hale v. Marshall Contractors, Inc.,667 A.2d 1252, 1254 (R.I. 1995). If the opposing party cannot establish the existence of a genuine issue of material fact, summary judgment must be granted. Grande v. Almac's, Inc.,623 A.2d 971, 972 (R.I. 1993).
SUBROGATION RIGHTS
It is undisputed by the parties that G.L. 1956 § 27-7-2.1
and Part F of the John Hancock policy entitle John Hancock to subrogation rights. Rhode Island General Laws 1956 § 27-7-2.1
provides and has provided at all relevant times that
 "[a] person entitled to recover damages pursuant to this section shall not be required to make a claim against or bring an action against the uninsured or underinsured tortfeasor as a prerequisite to recover damages from the insurer providing coverage pursuant to this section. In the event that the person entitled to recover against an underinsured motorist recovers from the insurer providing coverage pursuant to this section, that insurer shall be entitled to subrogation rights against the underinsured motorist and his or her insurance carrier."
The John Hancock insurance policy provided that if payment was made under the policy and the person to or for whom payment is made recovers damages from another, that person shall hold the proceeds of the recovery in trust for John Hancock and reimburse John Hancock to the extent of their payment. See Section F.
In support of her motion for summary judgment, plaintiff argues that the underinsured arbitration in which John Hancock participated was, by agreement and by the terms of the policy, binding on John Hancock in regards to the issue of damages and that the conclusions of the jury in the Bachmann case would be irrelevant. The plaintiff further contends that since the decision is binding, John Hancock would not be entitled to a return on any portion of the $50,000 which it paid to the plaintiff. According to the plaintiff, applying the interest statute and adding 38% to the panel's award, the total award would be $151,800 rather than $110,000. Therefore, the plaintiff argues that since the object is to make the plaintiff whole and Bachmann's policy limit is only $100,000, John Hancock is not entitled to a return of any portion of the $50,000 it paid out.
In its motion, John Hancock counters plaintiffs arguments by asserting that the panel's unconfirmed arbitration award of $110,000 does not represent a judgment and therefore has absolutely no res judicata effect. John Hancock contends it is entitled to subrogation rights and that it should be reimbursed, but that the amount which the plaintiff would have to pay is dependent on the damage award of the Bachmann jury. According to John Hancock, the only way plaintiff would not be obligated to reimburse John Hancock were if the Bachmann jury finds that the plaintiffs damages were $150,000 or more.
After consideration of the parties' arguments, this Court finds that John Hancock is entitled to subrogation rights relative to the underinsured motorist payment of $50,000. Both parties concede that the panel's decision was never confirmed and that no final judgment was entered. Rhode Island General Laws § 10-3-11 states that either party has a year to request that the court enter an order confirming an arbitrator's award. Once an award has been confirmed by the court, judgment is entered and the award then has the force and effect of law. See G.L. 1956 § 10-3-16. Rhode Island General Laws 1956 § 10-3-18
provides that "[t]he judgment so entered have the same force and effect, in all respects, as, . . . a judgment in an action of law; and it may be enforced as if it had been rendered in an action at law in the court in which it was entered." Absent confirmation by the court, the award is not binding or final and therefore has no effect. Although the contract states that a decision of two arbitrators will be binding, this Court is mindful that the contract was entered into pursuant to the Arbitration Act and that the provisions of the statute must be complied with in order for the award to be binding. See G.L. 1956 § 10-3-2. This Court is also aware that the Legislature, in creating the Arbitration Act, clearly intended that the court play a pivotal role in the arbitration process so that to find that the award has effect absent confirmation by the courts would undermine the intent of the Legislature.
Our Supreme Court has stated that a judgment entered without the specific approval of the trial justice would not be an effective instrument since it did not meet the requirements of Rule 58. See Nowicki v. Ocean State Bikes, Inc., 673 A.2d 48, 50 (R.I. 1996). The party who desires that the award become final and have the force and effect of a judgment must request confirmation within one year pursuant to § 10-3-11. An award which was never conformed would be an ineffective instrument as a result of its failure to comply with the provisions of the Arbitration Act. Since the panel's award of $110,000 was never confirmed, it does not preclude John Hancock's subrogation rights.
Accordingly, this Court grants John Hancock's motion for summary judgment and declares that John Hancock is entitled to subrogation rights relative to the underinsured motorist payment of $50,000. The amount of the subrogation claim will be determined once the plaintiffs case against Bachmann has been tried and a judgment is rendered by the jury. The plaintiffs motion for summary judgment is denied.
Counsel shall prepare an appropriate order for entry.
[1] The plaintiff filed a lawsuit against Bachmann in Kent County, KC 94-0986. The case has been transferred to Providence County, and the trial is on hold pending disposition of the parties' motions for summary judgment.